**In the Matter of Samuel James WEHUNT, Bankrupt.**

**BARTOW COUNTY BANK, Plaintiff,**

**v.**

**Samuel James WEHUNT, Defendant.**

**No. B 77–19R.**

United States District Court,
N. D. Georgia,
Rome Division.

Sept. 6, 1977.

Warren Akin, Cartersville, Ga., for plaintiff.

Joe M. Siegler, Jr., Rogers, Magruder & Hoyt, Rome, Ga., for defendant.

MURPHY, District Judge.

Bartow County Bank appeals from an order of the Bankruptcy Judge dated May 4, 1977. That order followed from a March 11, 1977 objection to the discharge of bankrupt Samuel James Wehunt.

At the filing of the objection, the Court scheduled a pretrial conference for April 29, 1977. The bankrupt did not file an answer or motion, but at the pretrial conference, disclosed through attorney that the bankrupt had been served a copy of the summons and complaint by mail on March 23, 1977. Service not having been made within the ten day period stipulated in Rule 704(e), Rules of Bankruptcy Procedure, the complaint was dismissed with leave to secure a new summons.

1. The provisions of Rule 704(e) are clear and unequivocal in requiring service to be made within ten days of filing. It is unchallenged that service was not made within ten days.

Appellant relies upon Rule 704(h), which provides in relevant part:

*Effect of Errors: Amendment.* Service of process shall be effective notwithstanding an error in the papers served or the manner or proof of service if no material prejudice resulted therefrom to the substantial rights of the party against whom the process issued.

Appellant contends that no prejudice resulted from service twelve days after filing rather than ten days after filing. Appellant concludes the court order is therefore erroneous and must be overturned.

The ruling of the bankruptcy judge must be upheld, however, because Rule 704(h) does not apply in this situation. The purview of that subsection is expressly limited to "Amendment", content of papers served, and proof of service. The focus of the order in question is service out of time. As provided in Rule 704(e):

If a summons is not timely served in accordance with the foregoing provisions, another summons shall be issued and served and a new date set for trial.

To avoid a contradiction between the provisions of Rule 704(e) and Rule 704(h), the latter section must not be applied to service out of time.

2. Appellant contends that Rule 712, Rules of Bankruptcy Procedure, was violated when appellee failed to file his answer within thirty days after issuance of the summons. Rule 712 is inapplicable here, however, because the reply time limit arises only after a complaint has been duly served. The Bankruptcy Judge found that the complaint had not been duly served.

3. Appellant contends that the motion to dismiss for failure to serve pursuant to Rule 704 should have been overruled because it was not made in writing. This contention is groundless. A motion need not be made in writing if it is made at a hearing. Rule 901(9), Rules of Bankruptcy Procedure. The motion to dismiss was made at a hearing.

4. Accordingly, the order of May 4, 1977 is affirmed and the appeal is denied.

SO ORDERED, this 6th day of September, 1977.

## ORDER

This case is before the court on the motion of the Bartow County Bank for reconsideration of this court's order of September 6, 1977. For reasons appearing in that order, and which are reviewed briefly below, the court reaffirms its endorsement of the order of the Bankruptcy Judge dated May 4, 1977.

1. Movant relies upon Rule 704(h), Rules of Bankruptcy Procedure, as authority for the proposition that service out of time is irrelevant if no material prejudice resulted therefrom. The language relied upon concerns the *manner* of service however. The focus of this motion is the *time* of service, which is governed by Rule 704(e), Rules of Bankruptcy Procedure. Rule 704(e) provides the procedure to be followed when service is made more than ten days after issuance of the summons. The procedure was not followed and no reason for that failure has been given.

2. Rule 712, Rules of Bankruptcy Procedure, provides for an answer within thirty days only if the complaint has been "duly" served. The complaint was not "duly" served.

3. Rule 915, Rules of Bankruptcy Procedure, provides for a waiver of objection to jurisdiction of an adversary proceeding if objection is not made by timely motion or answer, whichever occurs first. Movant relies upon the Advisory Committee's note to Rule 915(a) to support the proposition that the objection to the time of service was not timely. Movant overlooks the conclusion of the note in question:

> In order for a motion or answer to be timely under this rule, it must be served within the time limits allowed by Rule 712 when they are applicable.

As noted above, Rule 712 time limits are not applicable because service was not "duly" made.

4. Accordingly, the motion for reconsideration is DENIED.

SO ORDERED, this 10th day of November, 1977.